**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENIS MBULIH, | ) | CASE NO. 1:17 CV 1786 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JEFF SESSIONS, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Denis Mbulih filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is seeking review of the Board of Immigration Appeal ("BIA") decision denying his Motion to Reopen his Asylum Petition. He is currently awaiting deportation. Petitioner asserts that his attorney advised him to voluntarily dismiss his Application for Asylum in favor of pursuing an I-130 Application with his wife. This caused his stay of deportation to be lifted and resulted in his acceptance of a voluntary departure and appeal to avoid removal proceedings. The BIA then denied his Motion for Continuance and Motion to Reopen his Asylum Petition. He asks this Court to review the BIA's denial of his Motions.

**I. Procedural Background**

Petitioner is a 32-year-old citizen of Ambazonia, a former British Protectorate that is now part of the La Republic du Cameroun. He entered the United States in June 2010 and filed a Petition for Asylum in November 2010. On the day of the hearing on his Asylum Petition, his wife's attorney, Andrew Bramante, advised him to withdraw his Petition so they could proceed with an I-

130 Petition to Classify an Alien as a Relative of a United States Citizen. He contends he followed the advice believing Bramante represented him, and without realizing the stay of removal would be lifted. He filed his Motion to Reopen his Asylum Petition on the grounds of ineffective assistance of counsel but the immigration judge denied the Motion and gave him the option of voluntary departure and an appeal, or removal. He chose voluntary departure so he could appeal the decision to the BIA.

The BIA denied his Motion to Reopen on July 26, 2017 and further denied a request for a continuance of removal proceedings to await the adjudication of the Petition for Alien Relative. The BIA first considered the Immigration Judge's denial of Petitioner's Motion for Continuance. They stated Petitioner had been in removal proceedings for close to five years and had been granted six continuances. His wife had filed three visa petitions. She withdrew the first petition. The second petition was denied. The immigration concluded that in light of the denial of the second petition, Petitioner had not demonstrated the third visa petition was prima facie approvable. The BIA concluded the Immigration Judge appropriately denied the continuance. Then the BIA turned its attention to the request for reopening and concluded Petitioner did not meet the requirements for reopening due to ineffective assistance of counsel as set forth in the *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988). It is from this BIA decision that Petitioner is seeking judicial review.

**II. Discussion**

This Court lacks jurisdiction to entertain this Petition. Jurisdiction to consider a final order of removal, and matters dependant thereon, is vested exclusively in the appropriate Court of Appeals. *Krninova v. Holder*, No. 2:09-cv-577, 2010 WL 1253972, at *1 (S.D. Ohio March 23,

2010). The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252 confers on the Court of Appeals the exclusive jurisdiction to review a removal order issued to any alien:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). It also expressly divests District Courts of jurisdiction over any challenge to a removal order:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Here, Petitioner is challenging the BIA's decision to deny a stay of deportation and their refusal to allow him to reopen his Petition for Asylum. Both of these Motions, either directly or indirectly, challenge the deportation order. See *Cheng Fan Kwok v. INS,* 392 U.S. 206, 216 (1968).

Jurisdiction over this matter exclusively rests in the "appropriate court of appeals." 8 U.S.C. § 1252. This Court lacks jurisdiction to entertain the Petition.

### IV. Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. His Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal of this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                */s/ John R. Adams*
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

Date: January 16, 2018